**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0663-23

WILLIAM NEELD,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

          Submitted September 30, 2025 – Decided October 24, 2025

          Before Judges Susswein and Augostini.

          On appeal from the New Jersey State Parole Board.

          William Neeld, appellant pro se.

          Matthew J. Platkin, Attorney General, attorney for respondent (Sookie Bae-Park, Assistant Attorney General, of counsel; Handel T. Destinvil, Deputy Attorney General, on the brief).

PER CURIAM

Appellant William Neeld appeals from an August 30, 2023 final decision of the New Jersey State Parole Board (Board), denying parole and establishing an eighty-four-month future eligibility term (FET).  We affirm.

I.

In 1998, appellant was convicted by a jury of kidnapping, criminal restraint, aggravated sexual assault, terroristic threats, possession of a weapon for an unlawful purpose, causing bodily injury while fleeing, and unlawful possession of a weapon.  He was sentenced to a sixty-year term of imprisonment, with a mandatory twenty-five-year minimum period of parole ineligibility. While incarcerated, appellant committed twenty-five disciplinary infractions, nineteen of which were asterisk infractions,[1] including "threatening another with bodily harm" and "assaulting any person with a weapon."

In December 2022, appellant became eligible for parole.   On December 8, 2022, a two-member Board panel denied appellant parole.  The Board panel used the "prior to 8/19/1997" standard and determined "a substantial likelihood exist[ed] that [appellant] would commit a new crime if released on parole at

---

[1]  Asterisk infractions are considered major violations and may be subject to serious sanctions.

A-0663-23

[that] time."  Appellant appealed the two-member Board panel decision to the full Board.

On April 5, 2023, the three-member Board panel established an eighty-four-month (FET).  The three-member Board panel subsequently issued a written decision, detailing its basis for the imposition of the FET.

On August 30, 2023, the Board issued a final agency decision, affirming the denial of parole and imposition of an eighty-four-month FET.  In its comprehensive decision, the Board rejected appellant's contentions, concurring with the two-member Board panel that "a preponderance of the evidence indicates [] there is a substantial likelihood that you would commit a crime if released on parole at this time."  The Board also concurred with the decision of the three-member Board panel imposing an eighty-four-month FET.

On appeal, appellant raises the following arguments in his brief:

> POINT I
>
> THE PAROLE [BOARD] DENYING PLAINTIFF PAROLE BECAUSE HE MAINTAINS HIS INNOCENCE OF THE OFFENSES FOR WHICH HE IS INCARCERATED VIOLATES HIS CONSTITUTIONAL DUE PROCESS RIGHTS.

3

POINT II

THE PAROLE BOARD ACTED ARBITRARILY AND CAPRICIOUSLY IN ESTABLISHING A FUTURE ELIGIBILITY TERM INCONSISTENT WITH ITS OWN REGULATIONS.

POINT III

THE PAROLE BOARD FAILED TO CONSIDER PLAINTIFF'S AGE WHEN IT DENIED GRANTING HIM PAROLE AND WHEN IT SET A FUTURE ELIGIBLITY TERM.

II.

Our review of final decisions of the Board is limited. Malacow v. N.J. Dep't of Corr., 457 N.J. Super. 87, 93 (App. Div. 2018) (citing Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 9 (2009)). The Board's parole determinations are entitled to deferential review given its expertise in rendering "'highly individualized' appraisal[s]" of an inmate's future behavior. Acoli v. N.J. State Parole Bd., 250 N.J. 431, 454 (2022) (quoting Trantino v. N.J. State Parole Bd. (Trantino VI), 166 N.J. 113, 173 (2001)) (internal quotation marks omitted). The Board's decision, as with other final agency decisions, will not be overturned unless it is "arbitrary, capricious or unreasonable or it is not supported by substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980) (citing

4

Campbell v. Dep't of Civ. Serv., 39 N.J. 556, 562 (1963)). The Board's decision is entitled to a presumption of validity and reasonableness. In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993). The burden of overcoming this presumption falls on the inmate to demonstrate the Board's actions were unreasonable. Bowden v. Bayside State Prison, 268 N.J. Super. 301, 304-05 (App. Div. 1993).

A.

In assessing whether an inmate should be released on parole, the Board considers a non-exhaustive list of twenty-four factors in N.J.A.C. 10A:71-3.11(b). The Board fully considered these factors and directly addressed appellant's contention that he was wrongly convicted and unlawfully sentenced, noting "that it [was] the responsibility of the jury to determine an offender's guilt." Such challenges, the Board explained, cannot be "relitigated before the Board" but rather, are more appropriately left for "appellate review."

Appellant argues that the Board's finding that his failure to admit guilt does not "translate[] into a substantial likelihood that he would re-offend." The Board's consideration of the seriousness of appellant's offenses, as well as the other factors, is supported by sufficient, credible evidence in the record. Moreover, the Board fully explained its reasoning for its conclusion.

A-0663-23

In noting appellant's "consistent pattern of criminal thinking," the Board panel asked appellant for his insights as to why he had so many interactions with the juvenile justice system; why violence has been "a significant part of [his] criminal history;" and why he continued to commit serious infractions while incarcerated—all of which were opportunities for appellant to demonstrate insight into his criminal behavior. The Board also asked appellant if he had completed any therapeutic programs or counseling to gain insight into his "anger issues and [] negative behavioral thinking." Appellant responded, "No, I was going to school until I went on a hunger strike." Based on the information in the record, the Board's finding that appellant demonstrated "little to no understanding of [his] criminal thinking," was not solely based on his denial of guilt but rather, was fully supported by substantial evidence in the record.

B.

Appellant next argues that the Board failed to explain why it deemed an eighty-four-month FET appropriate and that the Board acted arbitrarily and capriciously in establishing this FET. Having reviewed the record, the Board's decision to impose an eighty-four-month FET was supported by the record. The imposed FET, although lengthy, is not arbitrary and capricious.

A-0663-23

When a panel denies parole to an inmate serving a sentence for kidnapping and aggravated sexual assault, the standard FET is twenty-seven months. N.J.A.C. 10A:71-3.21(1)(1). In its discretion, the Board may increase or decrease the standard FET by nine months. N.J.A.C. 10A:71-3.21(c). However, under N.J.A.C. 10A:71-3.21(d), the Board may establish an FET beyond these guidelines if the presumptive FET is clearly inappropriate as a result of the "inmate's lack of satisfactory progress in reducing the likelihood of future criminal behavior." In considering an FET outside the guidelines, the Board considers the same factors enumerated in N.J.A.C. 10A:71-3.11 that it considered when determining whether the inmate is suitable for parole.

Here, the Board fully considered the same factors it considered when denying appellant parole. It noted appellant's lack of interest and indifference "in coming to any type of substantive understanding" of his criminal behavior; appellant's failure to complete any programming or counseling regarding cognitive or behavioral change in his twenty-five years of imprisonment; and commission of twenty-five infractions, nineteen of which were serious, with the most recent infraction occurring on February 23, 2022. Applying appellant's earned credits, his current eligibility date is August 12, 2027. Therefore, appellant's actual FET is less than twenty-four months.

A-0663-23

C.

Appellant contends the Board failed to consider his age in denying parole and setting his FET as required by Acoli v. New Jersey Parole Board, 250 N.J. 431 (2022) and Berta v. New Jersey State Parole Bd., 473 N.J. Super. 284 (App. Div. 2022).

In Acoli, the Court found that "[n]othing in the Parole Board's decision suggests that the Board considered in any meaningful way the studies on the age crime curve in denying parole to [appellant]." The Court found the Parole Board's decision that appellant is likely to commit a crime was not supported by substantial evidence in the record and ordered appellant to be released "in accordance with his parole plan." Id. at 470-71.

As a result, in Berta, we instructed "the Board to account specifically for [appellant's] age, along with all relevant mitigating circumstances, in determining whether—and, if need be, explaining why—the preponderance of the evidence establishes a substantial likelihood that he will reoffend." 473 N.J. Super. at 322.

Acoli and Berta are factually distinguishable from the present matter. First, appellant was sixty-five years old at the time he became eligible for parole, whereas appellant in Acoli was seventy-nine at the time of the parole hearing

(eighty-five at the time of the Court's decision), and Berta was seventy-one years old at the time of his parole hearing.

There are other stark differences that distinguish this case from Acoli and Berta. For instance, in Acoli, the Court stated that the Board's denial of parole to Acoli was not supported by the psychological risk assessment. Here, appellant's risk assessment evaluation and score of 41 indicated a high risk for reoffending. In Berta, we concluded the Board erred in relying on Berta's disciplinary history as an aggravating factor given that he had not been charged with or convicted of an institutional infraction in approximately twenty years. In contrast, appellant's infractions were continuous, many were serious, and included a recent incident shortly before his parole hearing.

We conclude the Board used the proper standard and considered the relevant factors in denying appellant parole and establishing an FET. The Board's findings are neither arbitrary nor unreasonable, but rather, are supported by credible evidence. Further, the Board provided sound reasons for imposing an eighty-four-month FET. On this record, we have no reason to second-guess the Board's findings or conclusions of law and defer to its expertise in this matter.

A-0663-23

To the extent we have not specifically addressed any of appellant's remaining arguments, we find those arguments lack sufficient merit to warrant discussion in a written opinion.  <u>R.</u> 2:11-3(e)(1)(D) and (E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0663-23